514

Rufino MONGE–MARTINEZ; Yolanda Navarro–Catalan, Petitioners,

v.

Eric H. HOLDER Jr., Attorney General, Respondent.

No. 07–74734.

United States Court of Appeals, Ninth Circuit.

Submitted June 16, 2009.*

Filed July 6, 2009.

Arnold S. Jaffe, Law Office of Arnold S. Jaffe, Santa Barbara, CA, for Petitioners.

Oil, Stacy Stiffel Paddack, DOJ–U.S. Department of Justice, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: PAEZ, TALLMAN and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Rufino Monge–Martinez and Yolanda Navarro–Catalan, husband and wife and natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's ("IJ") decision denying their applications for cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo claims of due process violations, *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000), and we dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the agency's discretionary determination that petitioners failed to establish exceptional and extremely unusual hardship. *See Martinez–Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir.2005).

We are not persuaded by petitioners' contention that the agency violated due process because the proceedings were not "so fundamentally unfair that [petitioners were] prevented from reasonably presenting [their] case." *See Colmenar*, 210 F.3d at 971 (internal quotation marks and citation omitted).

Moreover, petitioners failed to demonstrate that additional evidence would have affected the outcome of the proceedings. *See id.* (requiring prejudice to prevail on a due process challenge).

To the extent petitioners contend the IJ should have granted a continuance to allow them to present an assessment of their son's educational needs, they do not point to anywhere in the record where they requested a continuance and they failed to raise this issue before the BIA, thereby failing to exhaust their administrative remedies. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004) (explaining that this court lacks jurisdiction to review contentions not raised before the agency).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.